UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS O. MATULA, JR., individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS OF WELLS FARGO, WELLS FARGO EMPLOYEE BENEFIT REVIEW COMMITTEE; and DOES 1-10 INCLUSIVE,<br><br>Defendants. | No.  24-03504 WHA<br><br>**ORDER GRANTING STIPULATION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)** |

## INTRODUCTION

In this putative class action under ERISA, plaintiff and defendants have stipulated to transfer venue pursuant to 28 U.S.C. § 1440(a).  After reviewing the stipulation, this order **GRANTS** both side's stipulation and **TRANSFERS** this action to the District of Minnesota.

## STATEMENT

Plaintiff Thomas Matula Jr. worked for Wells Fargo in California and was enrolled in Wells Fargo's 401k Plan ("the Plan") which defined Wells Fargo employee pension benefits. The Plan was funded by a combination of withheld employee earnings and contributions by the employer which were then deposited into the Plan's trust fund.  Plaintiff alleges that

defendants forfeited nonvested plan assets for its own benefit "to reduce future employer contributions, rather than for the benefit of Plan participants" (Compl. ¶ 21). In doing so, plaintiff alleges that defendants "have placed its own interests above the interests of the Plan and its participants" (¶ 23). In June 2024, plaintiff filed a putative class action in this district alleging a breach of fiduciary duty, breach of ERISA's anti-inurement provision, engaged in transactions prohibited by ERISA, and failure to monitor the individuals to whom Wells Fargo had delegated fiduciary responsibilities.

The Plan contains a provision which states that all "controversies, disputes, and claims arising hereunder shall be submitted to the United States District Court for the District of Minnesota, except as otherwise provided in the Trust Agreement" (Dkt. No. 19 ¶ 3). Further, the Plan is administered in the state of Minnesota (*ibid*.). Both sides have now filed a stipulation to transfer venue to the district of Minnesota.

## ANALYSIS

Under ERISA, an action brought to a district court "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). A district court may then "transfer any civil action to any other district where it might have been brought or to any district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When a forum-selection clause is enforced and venue is otherwise proper, Section 1404(a) provides the relevant legal standard.

1. **THE FORUM-SELECTION CLAUSE IS VALID**

If the parties' contract contains a valid forum-selection clause, it represents the parties' agreement as to the most proper forum. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 517 U.S. 49, 63 (2013). A forum selection clause is presumptively valid and "should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *In re Becker*, 993 F.3d 731, 732 (9th Cir. 2021). A forum-selection clause can be deemed unreasonable and therefore should be set aside if:

(1) the inclusion of the clause of the agreement was the product of

2

>fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which the suit is brought.

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007).

Here, neither side alleges fraud or overreaching with respect to venue, nor is either side contesting the application of this forum-selection clause. With respect to the second factor, this order finds that enforcing the forum-selection clause would not deprive plaintiffs their day in court because this forum-selection clause effectively guarantees venue in a federal court. Third, as this order shall explore in due course, the enforcement of this forum-selection clause would not contravene public policy. Therefore, this order finds that the clause itself is valid.

### 2. THE APPLICABLE PUBLIC INTEREST FACTORS FAVOR ENFORCEMENT OF THE FORUM-SELECTION CLAUSE

In the context of a venue transfer under Section 1404, a district court typically evaluates several case-specific factors which take into consideration both private and public interests. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000). When evaluating a forum selection clause, however, a court may only consider public interest factors. *Atlantic Marine,* 517 U.S. at 64. "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id*. at 66. Public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; and (3) the interest in having the trial of a diversity case in a forum that is at home with the law. *Id*. at 62 n.6.

Regarding the first factor, this order finds that court congestion in this district is relatively similar to that of the District of Minnesota and therefore does not weigh in favor or against transfer. *Becker v. Wells Fargo & Co*. 2020 WL 12787709, at *4 (N.D. Cal. Sept. 21, 2020) (Judge Jon S. Tigar). Likewise, given that this Plan is administered in Minnesota, this order finds that Minnesota courts have an interest in resolving this action. *Ibid*.; Dkt. No. 19 ¶ 3. Lastly, our court of appeals has recognized that pushing all actions of the Plan in one federal court would encourage uniformity in the decisions interpreting the plan. *In re Becker*, 993

1   F.3d 731, 733 (9th Cir. 2021).  This uniformity would, in turn, decrease costs and further

2   ERISA's goal of providing low-cost plans.  *Ibid*.

3       Thus, this order finds that the Plan contains a valid forum selection clause and that

4   ERISA permits both sides to enforce that clause.

## CONCLUSION

    The stipulation to transfer venue to the District of Minnesota pursuant to 28 U.S.C. §1404(a) is hereby **GRANTED**.  The Clerk is directed to transfer this action to the District of Minnesota.

**IT IS SO ORDERED.**

Dated:  September 18, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4